IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TANYA BEAN, | |
| Plaintiff, | No. 13cv102 EJM |
| vs. | ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits and supplemental security income benefits. Affirmed.

Briefing concluded June 5, 2014. The court has jurisdiction pursuant to 42 U.S.C. §405(g).

Plaintiff claims disability due to degenerative disc disease of the lumbar spine, obesity, plantar fasciitis, dysthymic disorder, adjustment disorder, and amphetamine dependence. She asserts the Administrative Law Judge (ALJ) failed to properly evaluate the various medical opinions and failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a

preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

This court previously remanded this case to the agency so that the ALJ could further develop the record as to the opinions of Salaish Sarin, M.D., Venkateswar Karuparthy, M.D., and Jill Scholz, D.P.M., with regard to plaintiff's ability to sit for six hours in an eight hour workday in conjunction with the impact of her obesity on her residual functional capacity (RFC). The court finds that the ALJ properly complied with the remand order. Plaintiff concedes this was done, Pl.'s Br. p. 14, but disputes the result.

On remand, the ALJ considered and weighed the opinions of Dr. Sarin (afforded some weight), Dr. Karuparthy (some weight), Dr. Scholz (some weight as to functional limitations), Dr. Gersh (some weight), Dr. Jacob (some weight as to mental limitations), Dr. Stoken (some weight to specific functional restrictions), and the state agency medical and psychological consultants (some weight). In evaluating and weighing these medical opinions, the ALJ outlined the functional restrictions in each opinion and separated out the aspects of the opinion that were due less weight because they were outside the doctor's expertise, or because they were reserved to the Commissioner. House v. Astrue, 500 F.3d 741, 745 (8th Cir. 2007).

The weighing of the evidence to resolve conflicts among the medical opinions falls squarely within the ALJ's fact-finding function. Wagner v. Astrue,

499 F.3d 842, 848-50 (8th Cir. 2007); see also 20 C.F.R. §404.1527. Substantial evidence supports the ALJ's analysis and weighing of the opinions.

Finally, plaintiff urges that the ALJ failed to properly evaluate her subjective allegations. It is the court's view that in discounting the credibility thereof, the ALJ's evaluation was proper, and the ALJ permissibly relied upon consideration of plaintiff's inconsistencies with the objective medical evidence, lack of objective medical evidence, the conservative nature of her treatment, lack of success in losing weight, and the frequency, nature, and effectiveness of plaintiff's treatment, both psychiatric and medical. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003).

It is therefore

ORDERED

Affirmed.

July 11, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3